UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERRY BERGMAN,

                Plaintiff,

   v.

DEBRA A. STIGALL,

                Defendant.

No. C11-5022 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: March 4, 2011**

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the court is the motion of Plaintiff Jerry Bergman seeking dismissal without prejudice of this civil action. ECF No. 7. Defendant filed no opposition to the motion. Accordingly, the undersigned recommends that this action be dismissed pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

**DISCUSSION**

On January 7, 2011, Defendant Debra A. Stigall removed Plaintiff's case to this court from Thurston County Superior Court. On January 11, 2011, Defendant Stigall filed her answer to the complaint. ECF No. 6. On January 19, 2011, Plaintiff filed his motion for voluntary dismissal. ECF No. 7. Plaintiff states that he is unable to properly litigate his case without the assistance of his jail house litigator, who was recently transferred. *Id.* Plaintiff asks that the case be dismissed without prejudice and that each party bear their own costs. *Id.*

Rule 41(a)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

ORDER - 1

[A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . .

As noted above, Defendant filed her answer to the complaint on January 11, 2011, but has filed no opposition to Plaintiff's motion for voluntary dismissal.

The undersigned recommends that the Court dismiss this action without prejudice.

## CONCLUSION

The Court should dismiss this action without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 4, 2011**, as noted in the caption.

**DATED** this   15th   day of February, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2